IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEE T. FLOWER, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION H-07-1091 |
| | § | |
| THE PRUDENTIAL INSURANCE | § | |
| COMPANY OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

**ORDER ADOPTING MAGISTRATE JUDGE'S
MEMORANDUM AND RECOMMENDATION**

Pending before the court are Objections filed by Prudential Insurance Company of America ("Defendant") (Docket Entry No. 29). Having reviewed the Magistrate Judge's Memorandum and Recommendation ("M&R") and the objections, response, and reply thereto, the court finds, for the reasons explained below, that the objections should be **OVERRULED**. The court is of the opinion that said M&R should be adopted by this court.

**I. Standard of Review**

A district court that refers a case to a magistrate judge must review de novo any portions of the magistrate judge's proposed findings and recommendations on dispositive matters to which the parties have filed specific, written objections. See Fed. R. Civ. P. 72(b). The district court may accept, reject, or modify, in whole or in part, those portions of the proposed findings and recommendations. See id.

**II. Discussion**

Defendant objects to the recommendation that Plaintiff's motion for summary judgment be granted and Defendant's motion for summary judgment be denied. Defendant asserts that the

Magistrate Judge "failed to apply the proper abuse of discretion standard of review" and made other "critical errors" as described in Defendant's objections. In response to each objection, Plaintiff argues that the Magistrate Judge was not in error. Plaintiff asks the court to deny Defendant's objections in all respects. One such objection warrants further discussion.

In its first objection, Defendant asserts that the evidence was improperly weighed. More specifically, Defendant contends that the Magistrate Judge "misapplied the burden of proof applicable where, as here, an ERISA administrator is vested with discretionary authority to interpret an ERISA plan and to make determinations regarding denial." Following its listing of the four primary grounds for Defendant's decision to deny Plaintiff's claim for benefits, the M&R states: "[T]hese arguments are outweighed by all of the evidence laid out above." Defendant bases its first objection on this single sentence. Offering no further support, Defendant contends that the Magistrate Judge improperly applied a de novo standard of review of all of the evidence in the administrative record and recommended that Plaintiff's motion for summary judgment be granted based upon the weight of the evidence.

The standard of review of a plan fiduciary's decision regarding a denial of benefits is abuse of discretion. See Robinson v. Aetna Life Ins. Co., 443 F.3d 389, 395 (5th Cir. 2006). A fiduciary's decision must be affirmed if it is supported by substantial evidence. Meditrust Fin. Servs. Corp. v. Sterling Chems., Inc., 168 F.3d 211, 215 (5th Cir. 1999). In determining whether substantial evidence supports Defendant's decision in this case, it is appropriate for the district court to consider evidence in the administrative record. See Vega v. Nat'l Life Ins. Serv., Inc., 188 F.3d 287, 299 (5th Cir. 1999)(en banc).

Despite the terminology in the M&R, it does not appear that the Magistrate Judge actually

weighed the evidence in making a recommendation. In her analysis, the Magistrate Judge noted various reasons cited by Defendant for the denial of Plaintiff's benefits and explained why said evidence was not substantial. For example, the M&R emphasized: (1) the minimal and insignificant extent of the investigator's observation of Plaintiff; (2) how Plaintiff's ranch activities provided virtually no guidance regarding Plaintiff's ability to perform his duties as a Commercial Director; and (3) how Plaintiff's statements to the investigator regarding his attempts to find employment were not only merely attempts, but extremely vague and uninformative statements. The Magistrate Judge then concluded that Defendant's denial of Plaintiff's benefits was "not supported by substantial evidence."

Even if the Magistrate Judge had in effect weighed the evidence, the court, conducting a de novo review, would not reject or modify the proposed finding that Defendant abused its discretion. In its objections, Defendant again identified the information in the administrative record that it contends provided the substantial evidence to support its denial of Plaintiff's benefits. It included: (1) Plaintiff's medical records stating that his condition was "under control" and did not prevent him from performing the activities of daily living; (2) Defendant's physician's notation that Plaintiff's medication had not been altered and his opinion that Plaintiff's symptoms were mild to moderate; (3) the investigator's observation that Plaintiff was able to occasionally travel, walk, and perform tasks with his upper extremities; (4) Plaintiff's employer's statement that Plaintiff would have continued working had he not been laid off; and (5) Plaintiff's statement to the investigator that he had been seeking employment.

The investigator's observations provide no indication of Plaintiff's ability to, among other things, direct and coordinate multiple departments as a Commercial Director. Likewise, Plaintiff's

ability to perform the activities of daily living does not automatically translate into the ability to do his job.  The only evidence that remains to support Defendant's decision are some vague statements about the state of Plaintiff's disease and Plaintiff's alleged work intentions.  Defendant provides no rational explanation of how such evidence connects to Defendant's decision to deny benefits.  Defendant's decision was not supported by substantial evidence.  Defendant did not base its decision on relevant evidence such as a reasonable mind would accept as adequate to support its decision.

Accordingly, Defendant's objections are **OVERRULED**.

### III. Conclusion

It is, therefore, **ORDERED** that the Memorandum and Recommendation is hereby **ADOPTED** by this court.

The Clerk shall send copies of this Order to the respective parties.

Signed at Houston, Texas on January 15, 2008.

_____
Gray H. Miller
United States District Judge